# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARK D. ROBINSON,

      Plaintiff,

v.                                             No. 23-cv-73-WJ-KBM

THE BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF BERNALILLO,
THE CITY OF ALBUQUERQUE,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, LISA MORTON,
FNU SAPIEN, ISAAC MINASES,
CHIEF OF THE METROPOLITAN
DETENTION CENTER, GARY TRUJILLO, JR.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Mark Robinson's Amended Prisoner Complaint for Violation of Civil Rights, filed January 31, 2023. (Doc. 2) (the "Complaint"). Plaintiff is a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). He is proceeding *pro se* and *in forma pauperis*.  Plaintiff claims that the conditions of confinement at MDC violate his rights guaranteed by the First and Eighth Amendments to the United States Constitution. (Doc. 2 at 4). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff shall have thirty days within which to file a second amended complaint.

I.       Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true.

Plaintiff alleges that from mid-July 2022 and continuing to the date he filed drafted the Complaint, a staffing shortage at MDC caused excessive lockdowns and inadequate out-of-cell time. (Doc. 2 at 7).  The lockdowns consistently ranged from 72-116 hours, and the out-of-cell time, which should have lasted from 8 a.m. to 2 p.m. and from 4 p.m. to 8 p.m., was condensed to two hours, lasting from 8 to 10 a.m. (Id.). During lockdowns, Plaintiff was allegedly deprived of showers, telephones, use of the dayroom kiosk, and dayroom access.  (Id.). He alleges, as well, that MDC has served him expired food (an allegation unaccompanied by additional details). (Doc. 2 at 9).  These conditions have led Plaintiff to experience severe PTSD, severe anxiety and depression, and changes in his health and behavior. (Doc. 2 at 7). He alleges that he was invited to Captain Gary Trujillo's office to resolve the situation and Trujillo allegedly stated that there was nothing he could do about it, though he recognizes the problem. (Doc. 2 at 10).

Based on the foregoing, Plaintiff claims that Defendants are liable for violating his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right of access to the courts. (Doc. 2 at 4). He seeks $5 million in damages, half of which he would dedicate to the resolution of MDC's staffing issues. (Doc. 2 at 7).

II.    Analysis.

A.    Standard of Review.

As Plaintiff is proceeding *pro se* in this civil action against governmental entities and officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is pro se, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

    B.    <u>Pleading Standards Governing a § 1983 Claim.</u>

42 U.S.C. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly *who* is alleged to have done what to *whom*, to provide each individual [defendant] with fair notice as to the basis of the claims against him or her, distinguished from

collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

      C.      <u>The Complaint Does Not State a Viable § 1983 Claim Against any Defendant</u>.

      1.      <u>Claims Against Bernalillo County</u>.

A county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

Municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Therefore, to state a claim against a county, a plaintiff must allege facts showing that an official policy is the moving force behind the injury alleged. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). This requires the plaintiff to show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference." *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019). The "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff has not alleged the existence of an unconstitutional official policy or custom or

demonstrated a causal connection between such policy or custom and the alleged deprivations. The § 1983 claims against the County must therefore be dismissed.

      2.     <u>Claims Against the City Albuquerque.</u>

It is not clear what Plaintiff's claims might be against City of Albuquerque. The Complaint includes no factual allegations to that effect, and MDC is a county jail. The absence of allegations against the city warrants dismissal of Plaintiff's claims against it. *Robbins*, 519 F.3d at 1250. If Plaintiff chooses to amend his complaint and chooses to include the City of Albuquerque as a defendant, the legal framework established in *Monell* (discussed in the previous section) apply as well to claims against a city.

      3.     <u>Claims against MDC.</u>

Plaintiff's claims against MDC must be dismissed with prejudice because a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017). The Bernalillo County Board of Commissioners—a named defendant in this action—is the proper defendant for any claims against the facility. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,").

      4.     <u>Claims Against the Named Individuals.</u>

Plaintiff alleges that Gary Trujillo, Jr. is the E-Unit Captain at MDC, that he addressed his grievances to Trujillo, and that Trujillo personally met with Plaintiff and told him that he recognized "the problem" but there was nothing he could do. (Doc. 2 at 10). These allegations do not sufficiently tie an alleged constitutional deprivation to Trujillo's conduct such that the Court or Trujillo is apprised of what, specifically, Trujillo did in alleged violation of Plaintiff's rights. *See Robbins*, 519 F.3d at 1250 (requiring a plaintiff to identify "exactly *who* is alleged to have done what to *whom*").

As to Defendants Lisa Morton, Assistant Chief Sapien, the MDC Chief, and Isaac Minases, their names and respective positions at MDC are the only facts about them in the Complaint. Plaintiff's generalized claims against defendants collectively are not viable. *Robbins*, 519 F.3d at 1250 (Collective allegations against "defendants" as a group are not sufficient to state a claim against any one of them.).   If Plaintiff chooses to file a second amended complaint and wishes to include claims against any of the individual defendants, he should specifically state what each one allegedly did in violation of his constitutional rights.

5.     Additionally/in the Alternative Plaintiff's Claims Fail on Substantive Grounds.

a.   Eighth Amendment Claims.

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's proscription on cruel and unusual punishment, the standards

governing claims of cruel and unusual punishment are the same in either context. *Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001).

To prove that prison conditions violate the Eighth Amendment, the plaintiff must prove, among other things, that the condition complained of is, "objectively, sufficiently serious" that it "results in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, the plaintiff must satisfy a subjective component. In the municipal liability context, the subjective component is satisfied by showing the municipality had actual or constructive notice that its action or inaction would almost certainly result in a constitutional violation, and it consciously disregarded the risk of harm. *Layton v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013). For individual liability, a plaintiff may satisfy the subjective component by showing that a state actor knew about, but disregarded, a substantial risk of harm.

Here, the Court will assume without deciding that the alleged conditions, including extended lockdowns, lack of exercise and other potentially inhumane conditions attributable to understaffing—satisfy the objective component of an Eighth Amendment claim. *See, e.g.*, *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) ("[T]here can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment[.]"); *Thompson v. Lengerich*, 798 F. App'x 204, 212 (10th Cir. 2019) (holding that prolonged lockdowns and increased danger to inmates resulting from a policy of understaffing stated an Eighth Amendment claim).

But to state a viable claim for cruel and unusual punishment, the plaintiff must plead facts satisfying the subjective component as well. The Complaint is devoid of allegations showing that a municipal policy underlay the staffing shortage or the resulting complained-of conditions at

MDC. *See generally*, *Thompson*, 798 F. App'x at 212 (failing to remedy ongoing constitutional violations may show municipality's deliberate indifference); *Bond v. Oklahoma Cnty. Crim. Just. Auth.*, No. CIV-23-05-D, 2023 WL 2878772, at *4 (W.D. Okla. Apr. 10, 2023) (holding the plaintiff stated a viable claim by showing municipality maintained a custom of understaffing and inadequately supervising the jail, was on notice that these deficiencies posed significant risks to inmate safety, and consciously disregarded those risks).

Also absent are allegations showing that any individual knew of, but remained deliberately indifferent to, a risk of harm. Plaintiff's allegation that Gary Trujillo, Jr. met with him, acknowledged "the problem," and said there was nothing he could do about it is too vague unspecific to satisfy the subjective component. The pleading standard requires a plaintiff to show that the defendant "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety; the [defendant] must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and . . . draw the inference." *Strain v. Regaldo*, 977 F.3d 984, 990 (10th Cir. 2020). From the allegations in the complaint, it is unclear what Trujillo understood to be the "problem" and/or whether he inferred that it posed an excessive risk to Plaintiff's health or safety.

     b.  <u>First Amendment Claim.</u>

A pretrial detainee has a "constitutional right to adequate, effective, and meaningful access to the courts." *Friedman v. Kennard*, 248 F. App'x 918, 921 (10th Cir. 2007). "To present a viable claim for denial of access to the courts, ... an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996). The Complaint must demonstrate that the defendant "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at

351–53. "Conclusory allegations of injury in this respect will not suffice." *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006). It appears that Plaintiff wishes to state a claim for the violation of his right of access to the courts, but there are no allegations in the body of the Complaint to that effect. The claim must therefore be dismissed.

        D.     <u>Plaintiff May File an Amended Complaint.</u>

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

**IT IS THEREFORE HEREBY ORDERED** that:

(1)    Plaintiff's Amended Prisoner Complaint for Violation of Civil Rights filed January 31, 2023 (Doc. 2) is **DISMISSED** without prejudice.

(2)    Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order.

(3)    Failure to timely amend may result in dismissal of this action without further notice.

_____
CHIEF UNITED STATES DISTRICT JUDGE