## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARK D. ROBINSON,

     Plaintiff,

v.                                                          No. 23-cv-73-WJ-KBM

THE BOARD OF COUNTY
COMMISSIONERS OF THE
COUNTY OF BERNALILLO,
THE CITY OF ALBUQUERQUE,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, LISA MORTON,
FNU SAPIEN, ISAAC MINASES,
CHIEF OF THE METROPOLITAN
DETENTION CENTER, GARY TRUJILLO, JR.,

     Defendants.


### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Mark Robinson's failure to file a

second amended complaint as directed. Plaintiff is a pretrial detainee at the Bernalillo County

Metropolitan Detention Center (MDC). He is proceeding *pro se* and *in forma pauperis*.   In his

original Amended Prisoner Complaint for Violation of Civil Rights, filed January 31, 2023 (Doc.

2) (the "Complaint"), Plaintiff claimed that the conditions of confinement at MDC violate his

rights guaranteed by the First and Eighth Amendments to the United States Constitution.

Specifically, Plaintiff alleged that from mid-July 2022 and continuing to the date he filed

drafted the Complaint, a staffing shortage at MDC caused excessive lockdowns and inadequate

out-of-cell time. (Doc. 2 at 7).  The lockdowns consistently ranged from 72-116 hours, and the

out-of-cell time, which should have lasted from 8 a.m. to 2 p.m. and from 4 p.m. to 8 p.m., was

condensed to two hours, lasting from 8 to 10 a.m. (Id.). During lockdowns, Plaintiff was allegedly deprived of showers, telephones, use of the dayroom kiosk, and dayroom access.  (Id.). He alleges, as well, that MDC has served him expired food (an allegation unaccompanied by additional details). (Doc. 2 at 9).  As a result, Plaintiff allegedly had severe PTSD, severe anxiety and depression, and changes in his health and behavior. (Doc. 2 at 7). He alleged that he was invited to Captain Gary Trujillo's office to resolve the situation and Trujillo allegedly stated that there was nothing he could do about it, though he recognizes the problem. (Doc. 2 at 10). Plaintiff claimed that his right to be free from cruel and unusual punishment and his right of access to the courts were denied.

By a Memorandum Opinion and Order entered December 4, 2023, the Court screened the Complaint and determined it failed to state a cognizable claim.  (Doc. 10) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Summarized, the Court held that the claims against Bernalillo County must be dismissed because Plaintiff did not allege facts showing an unconstitutional official policy or custom or facts showing a causal connection between a policy or custom and the alleged deprivations. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (describing what constitutes an "official policy or custom" in the context of  § 1983 municipal-liability purposes).

The Court explained that it was not clear what Plaintiff's claims might be against City of Albuquerque because the Complaint contained no factual allegations to that effect, and MDC is a

county jail. The Court noted, however, that if Plaintiff chose to amend his complaint and intended to include the City of Albuquerque as a defendant, the legal framework established in *Monell* would apply.

As to Plaintiff's claims against MDC, the Court held that a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). The Bernalillo County Board of Commissioners—a named defendant in this action—is the proper defendant for any claims against the facility. *See Mayfield v. Pres Hosp. Admin.*, No. CV 17-00398 JCH/KRS, 2021 WL 3772214, at *3 (D.N.M. Aug. 25, 2021) ("MDC is an agency of Bernalillo County, not a municipal agency[.]"); NMSA 1978 § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ..........,").

As to the individual Defendants, the Court dismissed Plaintiff's claims on the ground that the allegations did not sufficiently state who did what to Plaintiff in violation of his constitutional rights, and therefore failed to satisfy the pleading standard required of a § 1983 claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

The Court also addressed the merits of the claims and set forth the substantive law governing each claim set forth in the Complaint. As to Plaintiff's Eighth Amendment claims against the individual defendants, the Court held that Plaintiff failed to satisfy the subjective component, which requires the plaintiff to show that a state actor knew about, but disregarded, a substantial risk of harm. *Strain v. Regaldo*, 977 F.3d 984, 990 (10th Cir. 2020). Plaintiff failed as well to satisfy the subjective component of an Eighth Amendment municipal liability claim. *See generally*, *Thompson*, 798 F. App'x at 212 (failing to remedy ongoing constitutional violations

may show municipality's deliberate indifference); *Bond v. Oklahoma Cnty. Crim. Just. Auth.*, No. CIV-23-05-D, 2023 WL 2878772, at *4 (W.D. Okla. Apr. 10, 2023) (holding the plaintiff stated a viable claim by showing municipality maintained a custom of understaffing and inadequately supervising the jail, was on notice that these deficiencies posed significant risks to inmate safety, and consciously disregarded those risks).

As to Plaintiff's First Amendment claim, the Court noted that a pretrial detainee has a "constitutional right to adequate, effective, and meaningful access to the courts." *Friedman v. Kennard*, 248 F. App'x 918, 921 (10th Cir. 2007). And "[t]o present a viable claim for denial of access to the courts, ... an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349, 51-53 (1996) (The Complaint must demonstrate that the defendant "hindered his efforts to pursue" a non-frivolous legal claim.). Although it appeared from the Complaint that Plaintiff wished to state a claim for the violation of his right of access to the courts, there were no substantive allegations in the body of the Complaint to that effect.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days.  Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this case with prejudice.  The amendment deadline was January 3, 2014. Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling.  The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Prisoner Complaint for Violation of Civil Rights filed January 31, 2023 (Doc. 2) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

_____
CHIEF UNITED STATES DISTRICT JUDGE